Harry E. Seidell, J.
This controversy was submitted on the following agreed set of facts: The action against John F. Moraldo is discontinued.
On October 4, 1967, the defendant, John B. Moraldo, in his capacity as officer of Mastic Tire King, Inc., hereinafter referred to as Mastic, executed a $1,000 bond with plaintiff as surety. The bond was intended to secure the completion of certain concrete work contemplated by the corporation and was a condition precedent to the granting of a construction permit by the Suffolk County Highway Department pursuant to section 136 of the Highway Law. On the same date the corporation also executed an indemnification contract with the plaintiff surety. On December 20, 1969, the corporation entered into a contract to sell its business and assets and the defendant contracted to convey the corporation’s premises, owned by him individually, to the same purchaser. By January, 1970, when the two transactions were consummated, the work secured by the bond had not been completed.
The contract of sale contained a schedule of corporate liabilities assumed by the purchaser which did not include the bond in suit, and a provision for the assumption of additional, unscheduled liabilities up to $2,000. The purchaser also contracted to accept the conveyed premises "as is” agreeing to complete repairs and alterations which included the work secured by the bond in question, to secure a certificate of occupancy. The defendant, who by the completion of the sale was the sole shareholder of Mastic distributed all the proceeds to himself and the corporation discontinued its operations. In 1972, plaintiff, pursuant to the terms of the bond, was required by the Suffolk County Highway Department to com *1084 píete the concrete work undertaken by Mastic at the cost of $1,000.
On February 14, 1974, plaintiff obtained a judgment on the bond against Mastic, but the corporation had been dissolved by proclamation on or about December 15, 1973. The corporation has no assets and no part of the judgment has been satisfied. From 1967 to its dissolution the defendant was an officer, director and shareholder of Mastic.
Plaintiff’s principal contention is that the distribution of the corporate assets after the corporation sold and discontinued its business, without providing for payment to plaintiff, a surety on a statutory bond, renders the defendant personally „ liable under section 719 (subd [a], par [3]) of the Business Corporation Law which, in pertinent part reads as follows: "(a) Directors of a corporation who vote for or concur in any of the following actions shall be * * * liable to the corporation for the benefit of its creditors * * * to the extent of any injury suffered by such persons * * * as a result of such action * * * (3) the distribution of assets to shareholders after dissolution of the corporation without paying or adequately providing for all known liabilities of the corporation”.
Defendant counters with the contention that the corporation did provide adequately for its contingent liability to the plaintiff by the insertion of the following provision in the contract of sale of the business: "4. The Purchaser further agrees to be responsible for other new and different bills or amounts than shown on Schedule 'A’ attached hereto up to the amount of $2,000.00 and agrees to pay any bills in excess of the total amounts shown on Schedule 'A’ * * * up to the amount shown in this paragraph and further agrees to indemnify and hold harmless the Seller for the amounts * * * as agreed in this paragraph”.
In addition, the contract of sale for the property contained the following proviso: "It is mutually agreed and understood * * * that at the present time the Certificate of Occupancy has not been issued; the purchaser agrees to accept the premises in their present condition and at his own cost and expense to complete the work on the new building and to make such repairs and/or alterations to the premises that are necessary to obtain a Certificate of Occupancy”.
The issue framed by the parties is whether the assumption of unscheduled debts of the corporation and of the expense of work, including that secured by plaintiff, on the part of the *1085 purchaser of the corporate business and of defendant’s property, constituted adequate provision for the corporation’s contingent liability to the plaintiff surety pursuant to section 719 of the Business Corporation Law. The threshhold question, however, is whether the performance required by the permit in question was assignable at all in the manner attempted by Mastic.
In general, a license or permit confers on a person the right to do something which has been subjected to regulation. (Madden v Queens County Jockey Club, 296 NY 249.) It confers a personal privilege to be exercised under existing and future restrictions. (People ex rel. Lodes v Department of Health, 189 NY 187.) While in a different context it has been stated that a license or permit is not a contract between the issuing governmental authority and the licensee (Cohen v Splain, 42 NYS2d 498, affd 266 App Div 678, affd 291 NY 558.) Section 136 of the Highway Law does, in effect, establish a contractual relationship between the parties, since as a condition precedent to the granting of a construction permit the applicant must file a bond to secure the satisfactory completion of the work covered by the permit issued. An applicant for the permit obligates himself personally for the performance of certain work and restoration of the roadway to its original condition to the satisfaction of the Commissioner of Public Works. Since the permit provides that it "shall not be assigned or transferred without the written consent of the Commissioner of Public Works,” the obligation to perform the work and the subsequent restoration which can only be undertaken by the holder of the permit is likewise subject to that limitation on assignability.
In general, an attempted assignment of a partially executory contract by the principal obligor whose performance has been guaranteed by a surety does not shift liability to the assignee unless the latter assumes liability and the obligee accepts the assignee as the principal obligor by an agreement constituting a novation. (57 NY Jur, Suretyship and Guaranty, § 146.) While in the case at bar the purchaser arguably assumed Mastic’s obligation, the latter’s failure to comply with the terms of the permit renders the corporation’s attempt to relieve itself of its obligation to Suffolk County ineffective.
Upon discharging its principal’s obligation the plaintiff became subrogated to all the rights and remedies which were *1086 available to the obligee, Suffolk County, for the enforcement of the principal’s obligation. (Sexton v Fensterer, 154 App Div 542, affd 213 NY 641.) While the principal is entitled to raise any defense he would have had if sued directly by the obligee, conversely, a defense which would be unavailing against the obligee is also without merit against the surety suing as a subrogee. (Cf. Fidelity & Cas. Co. v Finch, 3 AD2d 141.) Since the purported assignment of its obligation by Mastic would have been ineffective against Suffolk County it is also without merit in this action by the plaintiff.
Thus, because of the nature of the permit in question and the type of relationship which resulted from its issuance between the issuing governmental authority and the licensee corporation, it is unnecessary to consider whether Mastic’s efforts complied with the requirements of section 719 of the Business Corporation Law.
Accordingly, the court finds in favor of the plaintiff in the amount of $1,142.40, together with costs and interest from February 14, 1974.